UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KACEY FRANKLIN JAMES,<br><br>Defendant. | Case No. 4:23-cr-00313-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Kacey Franklin James's Motion to Dismiss Counts II and III of Indictment (Dkt. 56). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In November 2023, Mr. James was indicted by a grand jury on one count of possession with intent to distribute controlled substances (LSD) and two counts of possession of an unregistered firearm (Dkt. 2). Mr. James filed his motion to dismiss on February 24, 2025, asking the Court to dismiss both counts of possession of unregistered firearms (Dkt. 56). One day after Mr. James filed his motion to dismiss, a grand jury issued a superseding indictment, charging him with

MEMORANDUM DECISION AND ORDER - 1

two additional counts of possession with intent to distribute controlled substances (methamphetamine and psilocybin) and three counts of possession of a firearm in furtherance of a drug-trafficking crime (Dkt. 57). Counts II and II—the counts subject to the motion to dismiss—remain unchanged.

## DISCUSSION

In support of his motion, Mr. James has submitted to the Court a list of five case citations with no additional briefing or explanation. To the extent this list is intended to be an argument, it is not sufficiently developed here, and the Court will deny the motion for that reason alone. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

Further, even if the Court were able to divine the argument Mr. James would have raised through his case citations, his motion would still fail on the merits. As the Government suggests, the cited cases coalesce around arguments that a defendant must unconstitutionally self-incriminate by complying with a statute's registration requirement. None of the cited cases apply to 26 U.S.C. § 5861(d), however, which is the statute Mr. James is charged under.

Mr. James first cites to *Russell v. United States,* 306 F.2d 402, 411 (9th Cir. 1962). In that case, a defendant convicted of failing to register firearms under 26

**MEMORANDUM DECISION AND ORDER - 2**

U.S.C. § 5841 argued that the statute was unconstitutional because compliance would require him to self-incriminate. The court agreed, holding that requiring registration under § 5841 could act as a link in the chain of evidence, resulting in criminal charges, and was therefore self-incriminatory. *Id.*

Here, however, Mr. James is charged under 26 U.S.C. § 5861(d), not with § 5841. In *United States v. Benner*, 417 F.2d 421, 423 (9th Cir. 1969), the Ninth Circuit distinguished between § 5841 and § 5861(d), holding that the latter statute regulated possession, rather than registration, and therefore had "no interference with the privilege of self-incrimination" under the Fifth Amendment.

Mr. James also cites to *United States v. Flores*, 753 F.2d 1499 (9th Cir. 1985).[1] On rehearing, the court held in *Flores* that a defendant's "privilege against self-incrimination was not violated by … the reporting requirement of 18 U.S.C. § 922(e)," reasoning that reporting regulations of a regulatory statute such as the Gun Control Act do not violate the Fifth Amendment. Here, § 5861(d) is a similarly regulatory statute under Title 26, the Internal Revenue Code, passed by Congress to enforce transfer tax provisions and control interstate firearm traffic.

---

[1] *See United States v. Flores*, 729 F.2d 593 (9th Cir. 1984) (rehearing granted, withdrawn by *United States v. Flores*, 732 F.2d 1438 (9th Cir. 1984), replaced by *United States v. Flores*, 753 F.2d 1499 (9th Cir. 1985)).

**MEMORANDUM DECISION AND ORDER - 3**

*See* Pub. L. 90 – 618, Oct. 22, 1968, 82 Stat. 1213.

The remaining three cases cited by Mr. James are non-binding. *See United States v. Minor*, 398 F.2d 511 (2d Cir. 1968); *Lovelace v. United States*, 357 F.2d 306 (5th Cir. 1966); *United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992). The Court will decline to address these cases aside from noting that none persuades the Court that Mr. James' motion to dismiss should be granted. Accordingly, the Court will deny Mr. James's motion to dismiss Counts II and III of the Superseding Indictment (Dkt. 57).

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 56) is **DENIED**.



DATED: April 21, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4