UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KACEY FRANKLIN JAMES,<br><br>Defendant. | Case No. 4:23-cr-00313-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendant Kacey Franklin James's Motion to Dismiss. He alleges violations of his constitutional and statutory rights to a speedy trial. For the reasons explained below, the Court will deny the motion. Accordingly, this matter will proceed to trial on January 26, 2026, as scheduled.

## BACKGROUND

On November 28, 2023, a grand jury returned an indictment charging James with possession with intent to distribute LSD and two counts of possession of an unregistered firearm. He was arraigned on December 1, 2023, and the Court scheduled the trial for January 29, 2024.

James has been represented by four different attorneys during the pendency of this case, and he has filed several motions—including a motion to suppress, a motion to compel discovery, two motions to dismiss, a motion to re-test drug

MEMORANDUM DECISION & ORDER - 1

samples, and multiple motions to continue.[1] The trial date has been continued nine times—seven at the request of defendant and two at the request of the government. *See* Dkts. 18, 20, 23, 46, 49, 53, 78, 80, 88. James's pending motion to dismiss concerns the government's second motion for a continuance, which was filed nearly a year ago, on January 3, 2025. *See* Dkt. 52. At that time, trial was scheduled for January 21, 2025. In moving for a continuance, government counsel represented that she had a prepaid vacation scheduled during the week of January 21. She also represented that "Defendant does not have an objection to this motion and has indicated the need for time for further investigation." *Id.* at 1. The Court granted the motion, finding that "a continuance is needed to give defense counsel an opportunity to provide an effective defense and to guarantee the government continuity of counsel." Dkt. 53, at 1. The Court reset the trial for March 24, 2025.

James now says he objected to this continuance but, against his wishes, his attorney agreed to it. He says the resulting delay—the 62 days between the January 21, 2025 and March 24, 2025 trial settings—violated both his statutory and constitutional rights to a speedy trial. He also says he was prejudiced by the continuance because during that interim period, a grand jury returned a

---

[1] One of the four attorneys, however, represented James for an initial appearance and then withdrew a few days later due to a conflict. *See June 18, 2024 Order,* Dkt. 37.

**MEMORANDUM DECISION & ORDER - 2**

superseding indictment, which added five additional counts: possession with intent to distribute methamphetamine; possession with intent to distribute psilocybin; and three counts of possession of a firearm in furtherance of a drug crime. *See Feb. 25, 2025 Superseding Indictment,* Dkt. 57. James requests dismissal of all counts.

The government opposes dismissal, arguing that the continuance was properly granted under 18 U.S.C. § 3161(h)(7)(A) as an "ends of justice" continuance, and that no prejudice resulted from the short delay.

## ANALYSIS

### A. Sixth Amendment Right to Speedy Trial

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In evaluating an alleged violation of this constitutional right, courts apply the four-factor balancing test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) prejudice to the defendant. *Id.* at 530–33.

**1. Length of the Delay.** Beginning with the first factor—the length of the delay—James was indicted in November 2023 and the Court initially scheduled trial for January 29, 2024. James does not complain about the multiple continuances between the January 29, 2024 setting and the January 21, 2025 setting. To the contrary, he indicates that he wanted to go to trial in January 2025.

But he says that the 62-day period between January 21, 2025 and March 24, 2025 violated his constitutional right to a speedy trial.

Delays of this length are not ordinarily considered "presumptively prejudicial" so as to require extensive Sixth Amendment scrutiny. *See Doggett v. United States,* 505 U.S. 647, 652 n.1; *see also United States v. Alvin*, 30 F. Supp. 3d 323, 341 (E.D. Pa. 2014) (explaining the two-step process for evaluating *Barker's* length-of-delay factor). Even assuming, however, that a 62-day delay is sufficiently lengthy to trigger a full *Barker* analysis, this relatively modest delay weighs against dismissal, particularly where the defendant did not even complain about the 62-day delay until 10 months after the Court granted the government's requested continuance, and where James himself has made numerous requests for continuances in this case.

**2. Reasons for the Delay.** Turning to the reasons for the delay, those are explained above. To reiterate: the continuance was requested because the assigned Assistant United States Attorney had a long-scheduled, pre-paid vacation during the week of trial. She also indicated that she had extensively investigated and prepared for trial. *See Motion,* Dkt. 52. Further, the emails between counsel reflect that defense counsel affirmatively indicated he did not oppose a continuance, and within the motion, government counsel indicated that defense counsel needed more time to investigate the charges. *See Vermont v. Brillon*, 556 U.S. 81, 92-93 (2009)

**MEMORANDUM DECISION & ORDER - 4**

(observing that defense counsel's inability or unwillingness to move the case forward could not be attributed to the state, for speedy trial purposes). Under these circumstances, the Court cannot conclude that the government sought the continuance for a tactical advantage or to hamper the defense. Accordingly, this factor weighs against finding a constitutional violation.

**3. Assertion of the Right.** The third factor turns on whether the defendant asserted his speedy-trial rights in a timely manner. "The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker,* 407 U.S. at 531. And "[f]ailure to assert the right will make it difficult for a defendant to prove he was denied a speedy trial." *Id.*

James says he told his former attorney he opposed a continuance. But the record before the Court shows that defense counsel, at the time of the motion, expressly informed the Government that the defense had no objection to the continuance. *Jan. 3, 2025 email from defense counsel,* Dkt. 93-2, at 1 (stating, "You can state that we don't oppose a continuance"). Further, James did not take any action immediately after the Court granted this motion—and the Court's order explicitly noted that the continuance was granted, in part, to allow defense counsel the opportunity to continue investigating the charges. As the government points out, James could have asked the Court to appoint a new attorney for him at this

point. He did not do so. Instead, even after this continuance was granted, he filed multiple substantive motions as well as additional motions to continue the trial date. In sum, the failure to contemporaneously assert the right, combined with the multiple motions filed afterward, weigh against a Sixth Amendment violation.

**4. Prejudice.** The fourth *Barker* factor considers whether the defendant would be prejudiced by the delay. Courts look at the three interests the speedy-trial right was designed to protect in evaluating prejudice: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *United States v. Myers*, 930 F.3d 1113, 1120 (9th Cir. 2019) (quoting *Barker*, 407 U.S. at 532). The third of these interests is the most important. *Id*.

James does not argue that the delay impaired his ability to defend himself. He does not, for example, claim that witnesses are no longer available, that evidence was lost, or that testimonial memory has faded. Nor does he claim unusual anxiety or oppressive incarceration tied to this delay. His sole claim of prejudice is that a grand jury returned a superseding indictment during the interim period. But the Sixth Amendment protects the ability to mount a defense; it does not insulate a defendant from the filing of additional charges supported by probable cause. Accordingly, this factor also weighs against dismissal.

**MEMORANDUM DECISION & ORDER - 6**

**5. Balancing.** Considering these factors together, the Court concludes that James's Sixth Amendment right to a speedy trial was not violated. The delay at issue was short, justified, not objected to contemporaneously, and caused no cognizable prejudice to the defense. Dismissal is therefore unwarranted on constitutional grounds.

**B.     The Speedy Trial Act**

Nor is dismissal warranted under the Speedy Trial Act. The 62-day delay James complains of does not give rise to a violation. Moreover, even assuming it did, the Court would dismiss the case without prejudice.

**1.  Granting the Government's Second Motion to Continue Did Not Violate James's Rights Under the Speedy Trial Act**

The Speedy Trial Act of 1974 requires that a criminal trial commence within 70 days after the defendant is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, there are delays that are excludable from the 70-day calculation. These exceptions are outlined in § 3161(h). Some delays are automatically excludable, and some require a district court to make case-specific findings enumerated in § 3161(h). Automatically excludable delay may be caused by the filing of pretrial motions. These delays are measured "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D).

**MEMORANDUM DECISION & ORDER - 7**

As noted above, in this case, the Court has granted nine motions to continue the trial—each time finding that the ends of justice justified the continuance. *See generally* § 3161(h)(7). Additionally, there have been periods of time that were automatically excludable because pretrial motions were pending. James says the 62-day delay occasioned by the Government's January 3, 2025 motion to continue "was unjustifiable because it was made over his objection and therefore never should have been termed excludable time." *Motion,* Dkt. 90, at 4.

Before discussing this 62-day delay, the Court will make two preliminary observations regarding the operation of the speedy trial clock in this case:

*Speedy Trial Clock No. 1.* First, when the government filed its second motion to continue, 32 days remained on the original, 70-day speedy-trial clock.[2] The Court therefore could have continued the January 21, 2025 trial by up to 32 days without making any findings under § 3161(h)(7). Only the additional 30 days beyond that window required exclusion under an "ends of justice" rationale. Thus, in analyzing this motion, the relevant period of delay is 30 days—not the full 62

---

[2] The clock began ticking on December 8, 2023—the day the Magistrate Judge ruled on the government's motion to detain James. Thirty-eight non-excludable days elapsed between that day and January 16, 2024, when the Court granted James's first motion to continue—leaving 32 remaining days. All days between January 16, 2024 and January 3, 2025 are excludable, given multiple continuances. As such, 32 days remained as of January 3, 2025 (70-38 = 32).

**MEMORANDUM DECISION & ORDER - 8**

days between the trial settings.

*Speedy Trial Clock No. 2*. The parties didn't raise this issue, but by the Court's calculation, there are two speedy trial clocks running in this case: one for the three charges brought in the original indictment (Counts 1-3), and another for the five new charges brought in the superseding indictment (Counts 4-8). *United States v. Thomas,* 726 F.3d 1086, 1091 (9th Cir. 2013) (holding that "charges in a superseding indictment not required to be joined with the original charges come with a new seventy-day clock under the Speedy Trial Act."); *see also United States v. LaFromboise*, 105 F.3d 512, 513-14 (9th Cir. 1997) (explaining that the elements of unlawful possession of a firearm under 18 U.S.C. § 5861(d) and the elements of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c) are two separate offenses for double-jeopardy purposes). James was arraigned on the superseding indictment on March 6, 2025, meaning that the new charges had their own 70-day clock extending well beyond the March 24, 2025 trial date.

With these preliminary matters clarified, the Court returns to the issue at hand: Did continuing the trial from January 21, 2025 to March 24, 2025 violate James's rights under the Speedy Trial Act? The Court easily concludes that there was no violation. The Court made explicit, contemporaneous findings that a continuance was required to ensure that the government had continuity of counsel

**MEMORANDUM DECISION & ORDER - 9**

and to ensure that James had sufficient time to prepare for trial. To the extent James says his former counsel acted contrary to his instructions in indicating that he did not oppose the continuance, such an allegation does not establish a Speedy Trial Act violation. The Court properly relied on representations made in the motion. Plus, even after the motion was granted, James waited nearly 10 months—until October 31, 2025—before raising the issue. He also filed several motions in the intervening months, including a motion to suppress, a motion to dismiss counts 2 and 3; a motion to compel discovery; a motion to re-test drug samples, and multiple motions to continue. *See Feb. 24, 2025 Motion to Suppress,* Dkt. 54; *Feb. 24, 2025 Motion to Dismiss Counts II and III*, Dkt. 56; *Feb. 24, 2025 Motion to Compel Discovery,* Dkt. 55; *June 9 and 19, 2025 Motions to Continue*, Dkts. 74, 77; *July 21, 2025 Motion to Continue*, Dkt. 79; *Aug. 28, 2025 Motion to Retest Drug Samples,* Dkt. 83; *Oct. 9, 2025 Motion to Continue*, Dkt. 87.

Finally, any claim that counsel's conduct amounted to constitutionally ineffective assistance would need to be raised, if at all, in a collateral proceeding under 28 U.S.C. § 2255. The Court expresses no view on the ultimate viability of such a claim, though it notes that James identifies no cognizable prejudice flowing from the continuance.

### 2. Assuming a Violation, Any Dismissal Would be Without Prejudice

Alternatively, even assuming a Speedy Trial Act violation, the Court would

**MEMORANDUM DECISION & ORDER - 10**

dismiss the indictment without prejudice. When determining whether dismissal should be with or without prejudice, the Court considers the factors identified in 18 U.S.C. § 3162(a)(2): (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of re-prosecution on the administration of justice and the administration of the Speedy Trial Act. Each of these factors weighs decisively against dismissal with prejudice.

First, the charges in both the original and superseding indictments are serious drug-trafficking and firearm offenses, including violations carrying significant statutory penalties and, in some instances, mandatory minimum terms of imprisonment.

Second, the circumstances that would have produced any hypothetical violation do not reflect prosecutorial misconduct, intentional delay, or any effort to gain a tactical advantage. The January 2025 continuance was sought for a legitimate scheduling conflict, disclosed promptly, supported by contemporaneous communications with defense counsel, and granted only after the Court made appropriate findings under § 3161(h)(7). As the record in this matter reflects, the bulk of the delay in this case stems from James's own continuance requests and pretrial motions.

Third, re-prosecution would not prejudice the administration of justice or the administration of the Speedy Trial Act. James identifies no impairment to his

ability to mount a defense, no lost witnesses, no faded memories, and no evidence that could not be reintroduced at a later proceeding. Indeed, James repeatedly sought additional preparation time throughout the life of the case, underscoring that further proceedings would not undermine fairness. Permitting re-prosecution would therefore advance—rather than frustrate—the public's interest in the adjudication of serious criminal charges.

Taken together, the statutory factors make clear that, even had a Speedy Trial Act violation occurred, dismissal would be without prejudice.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 90) is **DENIED**.



DATED: December 22, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 12